■ In the Matter of the Claim of MILTON C. DAVIS, Appellant. COMMISSIONER OF LABOR, Respondent. [3 NYS3d 179]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 13, 2014, which ruled, among other ing October 30, 2011, November 6, 2011, January 29, 2012, February 12, 2012, April 1, 2012 and April 8, 2012, and only two days during the week ending March 25, 2012. However, the payroll records and related documentation admitted at the things, that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant resigned from his employment as a counselor with a nonprofit agency for personal and noncompelling reasons. The record establishes that although continuing work was available, claimant resigned from his job because he was nervous that a lack of a signed contract between the employer and the federal government for the funding of the services provided by the employer would result in his loss of employment. Inasmuch as resigning from a job in anticipation of being discharged has been held not to constitute good cause for leaving employment (*see Matter of Carcaterra [Association for Computing Mach., Inc.— Commissioner of Labor]*, 90 AD3d 1389, 1390 [2011]; *Matter of Dixon-Weaver [Commissioner of Labor]*, 67 AD3d 1243, 1244 [2009]), we find no reason to disturb the Board's decision that claimant was disqualified from receiving unemployment insurance benefits under the circumstances herein. Furthermore, because claimant indicated on his application for unemployment insurance benefits that his separation from employment was due to lack of work, the Board's finding that he made a willful false statement to obtain benefits will not be disturbed (*see Matter of Ferreira [Commissioner of Labor]*, 84 AD3d 1609, 1610-1611 [2011]; *Matter of DeGennaro [Commissioner of Labor]*, 68 AD3d 1274, 1275 [2009]).

Peters, P.J., Garry, Lynch and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.